Guo v. Sessions

BIA
Segal, IJ
A205 616 677

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand eighteen.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

YOUQUAN GUO,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

No. 16-2579
NAC

_____

FOR PETITIONER:         Youquan Guo, *pro se*, Flushing, New York.

FOR RESPONDENT:         Chad A. Readler, Acting Assistant Attorney General, Janette L. Allen, Senior Litigation Counsel, Jessica D. Strokus, Trial Attorney, Office

of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Youquan Guo, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Youquan Guo,* No. A205 616 677 (B.I.A. June 27, 2016), *aff'g* No. A205 616 677 (Immig. Ct. N.Y.C. Apr. 22, 2015). Where, as here, the BIA summarily affirms the IJ's decision, "we review the IJ's decision as the final agency determination," *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). In so doing, we assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to deny the petition for review.

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility finding on inconsistencies and omissions in an asylum applicant's testimony, application, and documentary evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167. Here, substantial evidence supports the IJ's determination that Guo was not credible.

The IJ reasonably concluded that Guo's testimony materially contradicted his application and his wife's letter regarding the injuries he suffered in 1999 and 2010. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Guo's application alleged that his arm was dislocated in 1999, when he fought with family planning officials who came to his apartment. A letter from Guo's wife dated February 19, 2014, also stated that Guo's "arm was grabbed out of joints" during this 1999 incident. C.A.R. 133. In contrast, at his hearing, Guo testified repeatedly that hospital guards dislocated his arm in 2010 and then

3

testified about medical treatment he received for that injury, explaining that he did not receive the treatment until after his release from detention. When confronted with this inconsistency, Guo confirmed that the injury occurred in 1999 as stated in his application, not in 2010. The IJ reasonably rejected Guo's explanation that he had trouble remembering the dates because of his age and lack of education, noting that Guo was only 41 years old at the time of his hearing and that a lack of education did not explain such a memory lapse. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original)(internal quotation marks omitted)).

Guo's current argument that his confusion should be excused because he lacks medical expertise and, therefore, was "unable to describe what dislocation was," Pet. Br. at 10-11, does not resolve whether his arm was injured or when such injury occurred. The explanation instead adds further inconsistency, as it conflicts with his application and testimony, which

4

specifically characterized the injury to his arm as a dislocation.

The inconsistency regarding whether and when the dislocation occurred provides substantial evidence for the adverse credibility ruling. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding." (internal citation and quotation marks omitted)); *see also Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Because Guo's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

5

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court